IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01580-REB-KLM

AUTO-OWNERS INSURANCE COMPANY, a Michigan corporation,

    Plaintiff,

v.

NEXT GENERATION ENERGY, LLC, a Colorado limited liability company,
KREUTZMAN CONSTRUCTION, INC., a Colorado corporation,
DAVID KREUTZMAN, an individual,
STEPHEN MENDEZ, an individual, and
LAURA MENDEZ, an individual,

    Defendants.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants'[1] **Motion for a Stay** [#25][2] (the "Motion"). Plaintiff filed a Response [#35], and Defendants filed a Reply [#37]. Having reviewed the Motion, Response, Reply, the entire docket, and the applicable law, the Motion [#25] is **GRANTED in part and DENIED without prejudice in part**.

    This declaratory judgment action turns on whether Plaintiff, an insurer, has duties to defend and indemnify Defendants in connection with two other legal proceedings. *See Compl.* [#1]. Defendants seek a stay of this matter until completion of the two other legal

---

[1] For purposes of this Order, "Defendants" refers to all Defendants other than Defendants Laura Mendez and Stephen Mendez.

[2] [#25] is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

-1-

proceedings, which are an underlying state court civil action in Boulder County (the "Boulder County action") and a related criminal proceeding against Defendant Kreutzman. *Motion* [#25] at 1. As Plaintiff succinctly states, "[t]his insurance coverage suit seeks a determination of [Plaintiff's] duties to defend and indemnify three defendants (David Kreutzman, Kreutzman Construction, Inc. and Next Generation Energy, LLC) who were sued by the two remaining defendants, Mr. and Ms. Mendez, in a civil action filed in Boulder County . . . . Mr. Mendez also initiated a criminal case against David Kreutzman for second degree criminal assault in Broomfield County . . . , a suit for which [Plaintiff] also seeks a determination [that] it has no duty to defend." *Response* [#35] at 1-2 (footnote omitted). Mr. Kreutzman's criminal trial is set for January 20, 2015.[3]  *Motion* [#25] at 13.

## I. Criminal Case

In the interest of justice, the Court may, at its discretion, stay a civil action until completion of parallel criminal proceedings. *See AIG Life Ins. Co. v. Phillips*, No. 07-cv-00500-PSF-MEH, 2007 WL 2116383, at *2 (D. Colo. July 20, 2007) (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)) (additional citations omitted). However, there is no constitutional right requiring a stay of civil proceedings pending the outcome of criminal proceedings, "absent substantial prejudice to a party's rights." *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1081 (2009).

In determining whether a stay is warranted in a particular case, the Court must generally balance the plaintiff's interests "in moving forward with the litigation against the

---

[3] The Motion states that the criminal trial is set for January 20, 2014. Based on the date of filing of the Motion (September 29, 2014), the Court concludes that the year is a typographical error.

interests of a defendant asserting Fifth Amendment rights who faces the choice of being prejudiced in the civil litigation if those rights are asserted or prejudiced in the criminal litigation if those rights are waived." *See AIG Life Ins. Co.*, 2007 WL 2116383, at *2 (quoting *In re CFS-Related Secs. Fraud Litig.*, 256 F. Supp. 2d 1227, 1236 (N.D. Okla. 2003)).

When exercising its discretion to stay a case in light of pending criminal matters, the Court considers the following factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the [criminal] case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*See AIG Life Ins. Co.*, 2007 WL 2116383, at *2 (quoting *In re CFS*, 256 F. Supp. 2d at 1236-37). Further, the Court may consider alternatives to a general stay, including "the imposition of protective orders, sealed interrogatories, a stay for a finite period of time, or a stay limited to a specific subject matter." *See AIG Life Ins. Co.*, 2007 WL 2116383, at *2 (quoting *In re CFS*, 256 F. Supp. 2d at 1236).

Before examining these factors, the Court addresses Plaintiff's argument that "[t]his Court can determine, without a stay, whether a duty to defend exists, as that determination is made from the underlying pleadings." *Response* [#35] at 4. This is true—but only to an extent. "Under the complaint rule, the insurer's duty to defend is determined by examination of solely the policy and the [underlying] complaint." *Pompa v. Am. Family Mut.*

*Ins. Co.*, 520 F.3d 1139, 1145 (10th Cir. 2008).[4] "[I]f the insurer wishes to avoid the cost of a defense before the underlying litigation has concluded . . . by bringing a declaratory judgment action while the litigation is proceeding . . . its duty to defend is determined under the complaint rule." *Id.* at 1146. Based on this authority, Plaintiff argues that "the duty to defend analysis should proceed as that determination is 'independent and separable' from the underlying action." *Response* [#35] at 3. However, Plaintiff has not squarely placed this issue before the Court, as no dispositive motion has been filed.[5] Regarding the timing of any adjudication of the duty to defend, a dispositive motion on that issue could not be fully briefed and adjudicated prior to the expected termination of the criminal action in late January. As a practical matter, therefore, it is highly unlikely that the Court will adjudicate whether or not Plaintiff has a duty to defend Defendants Kreutzman, Kreutzman Construction, Inc. and Next Generation Energy, LLC before completion of Mr. Kreutzman's criminal trial. Hence, staying this case until the conclusion of the criminal trial is not likely to result in any significant delay in determining whether Plaintiff has a duty to defend.

Moreover, once the criminal trial is concluded, Plaintiff may "rely on facts outside of the complaint to show that the incident resulting in liability was not covered by the policy." *Id.* at 1145-46 (quoting *Cotter Corp. v. Am. Empire Surplus Lines Ins. Co.,* 90 P.3d 814, 827 (Colo. 2004) (internal quotations omitted). Plaintiff will not be limited to arguing against

---

[4] Two narrow exceptions to this rule have been recognized by the Tenth Circuit, but they are not critical to the present discussion. *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 960-61 (10th Cir. 2011).

[5] Although the Court stayed the effectiveness of the Scheduling Order pending a ruling on the Motion to Stay [#25], *see Courtroom Minutes* [#30] at 2, to date the case itself has not been stayed and there is nothing to prevent Plaintiff from filing a dispositive motion regarding its duty to defend.

the duty to defend based on the complaint and policy alone. These two reasons, therefore, generally support entry of a stay until conclusion of the criminal trial.

The Court next examines the factors enunciated in *AIG Life Ins. Co. v. Phillips*, as cited above. With respect to the first factor, Defendants assert that the complaints in this case and in the criminal case both "center around the alleged assault and battery on February 7, 2014." *Motion* [#25] at 13. Plaintiff responds that the proceedings only slightly overlap because the "criminal suit . . . involves the physical contact between Mr. Kreutzman and Mr. Mendez that took place on February 7, 2014," and thus that the overlap is "limited solely to one underlying defendant and one piece of his conduct" while "coverage determinations involving employment status, workers compensation, and the ownership divestiture have no overlap in the criminal suit." *Response* [#35] at 11-12. While the Court acknowledges that not all issues in the criminal suit and in the present action overlap, the Court finds that the key issue in the criminal action, i.e., whether Mr. Kreutzman is guilty of criminal assault and battery, substantially overlaps with a key issue in his lawsuit, i.e., whether Mr. Kreutzman's actions relieve Plaintiff of the duty to defend him. As noted above, by the time any dispositive motion regarding Plaintiff's duty to defend could be determined, the criminal action will likely be concluded. In addition, both the evidence presented during the criminal case and its outcome may be relevant to the duty-to-defend issue. *See Pompa*, 520 F.3d at 1145-46. Accordingly, the Court finds that this factor weighs in favor of imposition of a stay.

With respect to the second factor, the Court generally inquires whether the criminal case is in the pre- or post-indictment stage. *See AIG Life Ins. Co.*, 2007 WL 2116383, at *2. "A stay is more likely warranted if an indictment has already been issued because (1)

'the likelihood that a defendant may make incriminating statements is greatest after an indictment has issued,' and (2) 'the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.'" *Id.* (quoting *M.D. Diet Weight Loss & Nutrition Clinic, L.C. v. Absolute Weight Loss & Nutrition Ctr., LLC*, No. 2:05-CV-605 TS, 2006 WL 2471524, at *1 (D. Utah Aug. 24, 2006)). Here, the criminal case against Defendant Kreutzman is in the post-indictment stage and is proceeding to trial in late January. *Motion* [#25] at 13; *Response* [#35] at 12. Accordingly, the Court finds that the second factor weighs in favor of imposition of a stay.

With respect to the third factor, Plaintiff argues that it has an interest in the expeditious resolution of its case. *Response* [#35] at 12. As Plaintiff states:

> Auto-Owners has a significant interest in proceeding expeditiously with this action, because it is funding two defenses that may not be owed. The Kreutzman entities are being unduly enriched by not having to fund their own defenses. While they argue Auto-Owners has reimbursement rights to recoup the defense fees and costs, these are two small local companies and an individual, not large corporations. The collection odds, practically speaking, are low, as the advanced funds will well exceed one-hundred thousand dollars, a significant amount for small companies or individuals to repay. Issuing a stay in this action would freeze the circumstances, and require Auto-Owners to continue funding the underlying defense while preventing it from contesting whether the defense is even owed.

*Id.* (citing *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 (10th Cir. 1994) (stating that "there is a substantial interest in deciding these issues without undue delay, particularly the duty to defend")). The Court first notes that Plaintiff's statement regarding the odds of collecting reimbursement from Defendants is mere speculation. Beyond that, however, in the present case, timely resolution of the duty to defend has been hampered by Plaintiff's failure to present the issue to the Court, which belies Plaintiff's interest in expeditious

resolution of this case.  Once the criminal matter is concluded, discovery may proceed and evidence can be presented regarding the duty to defend which was precluded before conclusion of the criminal matter.  Thus, the Court finds that this factor weighs in favor of imposition of a stay.

With respect to the fourth factor, Defendant Kreutzman generally has an interest in avoiding the conflict between waiving his Fifth Amendment rights and, in essence, compromising his defense in this civil matter, despite Plaintiff's assertions that his "interests are not so great as to stay this case in its entirety."  *Motion* [#25] at 14; *Response* [#35] at 13.  The Court therefore finds that this factor weighs in favor of imposition of a stay.

With respect to the fifth factor, "[t]he Court has a strong interest in keeping litigation moving to conclusion without necessary delay."  *In re CFS*, 256 F. Supp. 2d at 1241; *Response* [#35] at 13-14.  On the other side of the scale, final resolution of the parallel criminal proceedings could increase the possibility of full or partial settlement in this case.  *See AIG Life Ins. Co.*, 2007 WL 2116383, at *4; *Motion* [#35] at 15.  Thus, the Court finds that this factor weighs neither in favor of nor against a stay.

With regard to the sixth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution.  *See also Motion* [#25] at 15; *Response* [#35] at 13-14.  Thus, the Court finds that this factor is neutral in light of those goals.

Accordingly, the Court finds that application of the factors examined above results in the conclusion that the imposition of a stay through the completion of the criminal action is justified in this matter .

## II. Boulder County Action

Defendants also argue that this action should be stayed through the completion of the Boulder County action. *Motion* [#25] at 8-12. Defendants apparently seek a stay of this case pursuant to the general discretion of courts relating to the progress of declaratory judgment actions. *See Mhoon*, 31 F.3d at 982 ("[T]he Declaratory Judgment Act 'gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so.'" (quoting *Pub. Affairs Assocs., Inc. v. Rickover*, 369 U.S. 111, 112 (1962)). Defendants argue that Colorado state law, specifically *Constitution Associates. v. New Hampshire Insurance Co.*, 930 P.2d 556, 558 (Colo.1996), compels a stay of this action until the Boulder County action is resolved. *Motion* [#25] at 8-12; *see also Response* [#35] at 4-11. In that insurance coverage case, the Colorado Supreme Court mandated three factors that should be considered when determining whether an anticipatory declaratory judgment action is appropriate. First, the action must be based on an actual controversy. *Constitution Assocs.*, 930 P.2d at 561. Second, the sought-after declaratory judgment may only be entered if it "fully and finally resolve[s] the uncertainty and controversy as to all parties with a substantial interest in the matter that could be affected by the judgment." *Id.* Third, the anticipatory declaratory judgment action must be "independent of and separable from the underlying action." *Id.* The parties agree that the first two factors are met but disagree as to the third factor. *Response* [#35] at 5.

The problem here is that the parties assert, without discussion, that a federal court sitting in diversity should decide whether to stay a declaratory action by applying state law, rather than federal law. *See Addison Ins. Co. v. Rippy*, No. 08-cv-00237-PAB-MJW, 2009 WL 723322, at *3 (D. Colo. Mar. 18, 2009) (reciting assertion by the parties of a substantially similar argument). Rather than implicating substantive law, "[i]t is well

recognized that the [Declaratory Judgment] Act involves procedural remedies and not substantive rights." *Id.* (quoting *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir.1978)). Thus, federal law, not Colorado state law, determines whether a stay is warranted. *See id.* (holding the same); *W. Cas. & Sur. Co. v. Teel*, 391 F.2d 764, 766 (10th Cir. 1968). Due to the lack of briefing on the appropriate legal standard to be applied in determining the propriety of a stay related to the Boulder County case, the Court finds that ruling on Defendants' request for a stay based on the Boulder County action would be premature.

### III. Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#25] is **GRANTED in part and DENIED without prejudice in part**. The Motion is **granted** to the extent that discovery in this matter is **stayed** until the conclusion of the criminal action against Mr. Kreutzman.[6] The Motion is **denied without prejudice** as to all other relief sought.

IT IS FURTHER **ORDERED** that the parties shall file a Joint Status Report within 10 days of final resolution of the criminal action against Mr. Kreutzman.[7]

IT IS FURTHER **ORDERED** that any further request for entry of stay related to the Boulder County action shall be made by filing a motion that addresses the factors enunciated in *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:05-cv-01934-LTB-

---

[6] Although Defendants urge a stay of this matter in its entirety, they have failed to compellingly argue that the Court should permit more than a stay of discovery. *See, e.g.*, Motion [#25] at 12.

[7] The parties shall promptly inform the Court of any significant delay in Mr. Kreutzman's criminal trial.

PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006).

DATED: December 19, 2014 at Denver, Colorado.

BY THE COURT:

*/s/ Kristen L. Mix*

Kristen L. Mix
United States Magistrate Judge